# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID NIGHTHORSE FIREWALKER-FIELDS, | ) ) | Civil Action No. 7:17cv00400 |
| Plaintiff, | ) ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) ) | |
| JACK LEE, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

David Nighthorse Firewalker-Fields, a Sunni-Muslim inmate proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983, naming Jack Lee, who is the Superintendent of the Middle River Regional Jail (Jail), and the Middle River Regional Jail Authority as the defendants. Firewalker-Fields contends that defendants' policies, practices, and customs at the Jail promote Christianity, prohibit Muslim religious practices, and unfairly house Muslim inmates in segregation. Firewalker-Fields seeks damages and equitable relief. Defendants filed a motion to dismiss, and Firewalker-Fields responded, making this matter ripe for disposition. Having considered Firewalker-Fields' submissions, I conclude that defendants' motion to dismiss must be granted in part and denied in part.

## I.

Firewalker-Fields described his claims with only a couple of sentences in the verified complaint.

> [The Jail] under the leadership of Jack Lee broadcasts Christian Religious Services and holds Christian faith classes. [The Jail] refuses to allow Islamic Jumuah [F]riday prayer services[,] which are a required part of the Islamic faith[,]. . . . [and] Islamic Faith Classes.
>
> Jack Lee is using the fact that he is broadcasting the Christian Services as a way to force people in the Jail to be Christian because if one watches[,] all have to watch.

Firewalker-Fields included copies of administrative grievances with his verified complaint to support his claims. The grievances reiterate Firewalker-Fields' complaint about the broadcasts and classes, to which staff noted that the broadcasts were "non-denominational," "people can choose whether or not to watch," and Firewalker-Fields "may possess religious material and believe as [he] choose[s]." On appeal, staff reiterated that "Sunday service is non[-]denominational."

Firewalker-Fields subsequently filed a "memorandum of law" to "outline" his claims.[1] He alleges that the Jail's Inmate Handbook states, "Church Services will be broadcast over the television [i]n each pod every Sunday at posted times," and, "Church Services will be non-denominational." Firewalker-Fields notes that the Jail does not offer any other religious service to accommodate non-Christian inmates. Firewalker-Fields further alleges, "Under the classification system that [Lee] has established . . . [he] has sequestered the majority of the Muslim inmates into 'Max' pods which are on lockdown" for all but three hours each day. Firewalker-Fields notes that he pursues relief via § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, *et seq.*

Firewalker-Fields was incarcerated at the Jail when he commenced this action in August 2017. However, he has since been removed from the Jail and transferred to the Virginia Department of Corrections.

## II.

Defendants filed a motion to dismiss the verified complaint. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to

---

[1] Firewalker-Fields filed the memorandum within days of when the court ordered the defendants to be notified of the action. *See* Docket No. 19. I find it appropriate to liberally construe the memorandum as a motion to amend, grant the motion, and deem the verified complaint supplemented by the memorandum. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith*

3

*v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978)). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (quoting *Sado v. Leland Mem'l Hospital*, 933 F. Supp. 490, 493 (D. Md. 1996)).

### III.
#### A.

Defendants first argue that Firewalker-Fields failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Dismissal pursuant to 42 U.S.C. § 1997e(a) is an affirmative defense for which defendants bear the burden of production and persuasion. *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 216-217 (2007). However, defendants do not offer evidence that Firewalker-Fields was required to pursue administrative remedies about the relevant events. Firewalker-Fields is not required to plead exhaustion in support of the complaint, and Firewalker-Fields' verified statement does not prove that an administrative remedy policy existed or applied to the claims. *See, e.g.*, *id.* at 215-16; *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 677 (4th Cir. 2005). Accordingly, defendants' motion to dismiss must be denied in this regard.

#### B.

Defendants next argue that Firewalker-Fields failed to state an actionable RLUIPA claim and that equitable relief is moot. I agree in part and find that Firewalker-Fields' release from incarceration at the Jail moots his claims under RLUIPA and for declaratory and injunctive relief.

"[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)); *see United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013) (recognizing mootness may be raised *sua sponte*). Federal courts are "not empowered to decide moot questions or abstract propositions. . . ." *California v. San Pablo & Tulare R.R.*, 149 U.S. 308, 314 (1893). "Moot questions require no answer." *Mo., Kan. & Tex. Ry. v. Ferris*, 179 U.S. 602, 606 (1900).

Damages are not an available remedy under RLUIPA, and Firewalker-Fields' transfer from the Jail means the remaining remedies for a RLUIPA claim could no longer redress the alleged harms. *See, e.g.*, *Wall v. Wade*, 741 F.3d 492, 496 n.5 (4th Cir. 2014) (noting damages are unavailable via RLUIPA and "plaintiff's only potential remedies under RLUIPA are equitable"); *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007) (stating a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer rendered moot a prisoner's claims for injunctive and declaratory relief, but not claims for damages). Accordingly, injunctive and declaratory relief is not available, and defendants' motion is granted in part as to the dismissal of the claims under RLUIPA and for declaratory and injunctive relief.

## C.

Defendants next argue that Firewalker-Fields fails to state a claim under the Free Exercise Clause of the First Amendment because he allegedly fails to show a "substantial burden" to his religious exercise. I disagree.

A "substantial burden" on religious exercise occurs under the First Amendment if it "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs,

5

or . . . forces a person to choose between following the precepts of h[is] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of h[is] religion . . . on the other hand." *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006); *see, e.g.*, *Patel v. Bureau of Prisons*, 515 F.3d 807, 814 (8th Cir. 2008) ("When the significance of a religious belief is not at issue, the same definition of 'substantial burden' applies under the Free Exercise Clause, RFRA, and RLUIPA.").

The verified complaint describes a substantial burden. Firewalker-Fields is a Sunni-Muslim who feels compelled to participate in group prayer service and group religious classes with other Muslims each Friday. Allegedly, Firewalker-Fields and other Muslim inmates are not allowed to congregate to practice their faith, either physically or via television programming, on Fridays while confined in segregation and are told that they can only observe "non-denominational" Christian programs on Sundays. By not offering any accommodation to Firewalker-Fields as a Muslim inmate, defendants' policies, practices, and customs put substantial pressure on him to forego Friday prayer service and classes with other Muslims, and thus, violate his beliefs. Accordingly, defendants' motion to dismiss must be denied as to this claim.

**D.**

Lastly, defendants argue that Firewalker-Fields fails to state a claim under the Equal Protection Clause of the Fourteenth Amendment because he has not identified any specific individuals who were similarly situated but treated differently. I disagree.

The Equal Protection Clause of the Fourteenth Amendment requires that "no State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, [a] plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the

6

unequal treatment was the result of intentional or purposeful discrimination." *Morrison*, 239 F.3d at 653-54.

Firewalker-Fields alleges that the Christian inmates were allowed to participate in congregational prayer each Sunday and attend religious classes but that Muslim inmates were not. Non-denominational Christian church services and classes are not pan-religious substitutes for non-Christians' religious exercise. Furthermore, Firewalker-Fields alleges that defendants' policies, practices, and customs cause Muslim inmates to be housed in segregation at a greater proportion than Christian inmates because of religious affiliation. Accordingly, defendants' motion to dismiss must be denied for this claim.

## IV.

For the reasons stated, I will grant the liberally construed motion to amend and will grant in part and deny in part defendants' motion to dismiss. I will direct defendants to file a motion for summary judgment and will refer the matter to mediation.[2]

**ENTER**: This 24th day of September, 2018.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] Any information provided during the mediation will be treated confidentially in accordance with Local Civil Rule 83(e).